COURTROOM MINUTES: **Felix Recio Judge Presiding**
　　　　　　　　　　Southern District of Texas, Brownsville Division

| | | |
|---|---|---|
| Courtroom Clerk | : | M Garcia |
| ERO | : | Mr Schwab |
| CSO | : | Harolson |
| Law Clerk | : | R Bryd / A Yanez |
| USPO | : | B Garcia |
| Interpreter | : | K Pena |
| Date | : | January 23, 2003 at 1:30 p.m.. |

United States District Court
Southern District of Texas
FILED
JAN 23 2003
Michael N. Milby
Clerk of Court

---

| CIVIL CASE NO. | | | | |
|---|---|---|---|---|
| 1) B-02-45 | Laura Estella Salazar-Regino | * | L Brodyaga |
| | Vs | | |
| | E.M. Trominski, et al | * | L Putnam |
| 2) B-02-114 | Teodulo Cantu-Delgadillo | * | L Brodyaga |
| | Vs | | |
| | E.M. Trominski, et al | * | L Putnam |
| 3) B-02-136 | Daniel Carrizales-Perez | * | L Brodyaga |
| | Vs | | |
| | Aaron Cabrera, et al | * | L Putnam |
| 4) B-02-138 | Manuel Sandoval-Herrera | * | L Brodyaga |
| | Vs | | |
| | Aaron Cabrera, et al | * | L Putnam |
| 5) B-02-197 | Raul Hernandez-Pantoja | * | J Goodwin |
| | Vs | | |
| | John Ashcroft, et al | * | L Putnam |
| 6) B-02-198 | Jose Martin Oviedo-Sifuentes | * | L Brodyaga |
| | Vs | | |
| | Charles Arendale et al | * | L Putnam |
| 7) B-02-225 ✓ | Cesar Lucio | * | L Brodyaga |
| | Vs | | |
| | Charles Arendale et al | * | L Putnam |
| 8) B-02-228 | Praxedis Rodriguez-Castro | * | L Brodyaga |
| | Vs | | |
| | Aaron Cabrera, et al | * | L Putnam |
| 9) B-03-02 | Nehemi Rangel-Rivera | * | L Brodyaga |
| | Vs | | |
| | Aaron Cabrera, et al | * | L Putnam |

---

### EVIDENTIARY HEARINGS

Lisa Putnam present for the Government; Lisa Brodyaga present for the Petitioners;

Petitioners Laura Estella Salazar-Regino, Teodulo Cantu-Delgadillo, Manuel Sandoval-Herrera, Cesar Lucio, Praxedis Rodriguez-Castro and Nohemi Rangel-Rivera present; Petitioners Daniel Carrizales-Perez, Raul Hernandez-Pantoja, and Jose Martin Oviedo-Sifuentes not present;

Lisa Brodyaga addresses the Court;

Brodyaga calls 1st witness Immigration Attorney Robert H Crane;
Witness states immigration law is constantly changing and states information of immigration law;

The Court questions the witness as to notices sent by Immigration Services to Petitioners stating they were deportable because of their convictions;
L Brodyaga and L Putnam address the Court;

L Putnam cross-examines the witness;
Witness excused;

L Brodyaga addresses the Court as to the due process claims;
Both counsel have agreed to factual stipulations and L Brodyaga states the facts as to each Petitioner;

Court will break for 10 minutes (2:40 p.m.);
Court resumes 3:02 p.m.;

L Brodyaga states to the Court that Petitioners Daniel Carrizales-Perez and Raul Hernandez-Pantoja are now present in the Court;

L Brodyaga offers documents to the Court (will be referenced by Case #)
Counsel offers to the Court a copy of one Board case from 1977 and a cable from the Department of State;

L Brodyaga calls 2nd witness Praxedis Rodriguez-Castro, Petitioner;
Witness sworn and proceeds to state he has never gone back to Mexico to live and states all his family resides in the United States; Witness states he served in the US military, with the Army and was honorably discharged;
Petitioners Exhibit A admitted without objection;
Witness states facts of his arrest in 1998 and informs the Court that he was never told of the immigration consequences which would result from this; Witness passed;

L Putnam cross-examines witness;
Witness excused;

L Brodyaga calls 3rd witness Teodulo Cantu-Delgadillo;
Witness sworn and proceeds to state he has never returned to Mexico to live;
Witness states he was told by his attorney that his plea of guilty would have no consequences to his immigration status;Witness passed;

L Putnam cross-examines the witness;
Witness states the facts of his arrest;
Witness excused;

L Brodyaga calls 4th witness Nohemi Rangel-Rivera;
Witness sworn and proceeds to state facts of her residency in the United States and informs the Court that she has not gone back to Mexico to live;
Witness affirms that she plead guilty in return for deferred adjudication and states to the Court the facts of her arrest;
Witness states her attorney, Abel Cavada, did not inform her of any immigration consequences which could result from her plea of no contest;
Witness states has no ties to Mexico; All relatives in the United States;
Witness passed;

L Putnam cross-examines the witness;
The Court addresses the witness;
Witness excused;

L Brodyaga calls 5th witness, Laura Estella Salazar-Regino;
Witness sworn and proceeds to state that she has lived in the United States since she was 5 years old and has never gone back to live in Mexico;

Witness proceeds to inform the Court about the facts of her arrest;
Witness states she was never informed of any immigration consequences;
Witness passed;

L Putnam cross-examines witness;
Witness excused;

The Court breaks for 5 minutes (4:15 pm);
Court resumes 4:24 p.m.;

The Court will recess and continue this hearing for 01/24/03 at 1:00 p.m.
Court adjourned.

UNCLASSIFIED

Elizabeth C Power  12/30/2002 01:46:37 PM  From DB/Inbox: Elizabeth C Power

Cable Text:
UNCLAS            SECSTATE
CXMNTVD:
    ACTION: CONS
    INFO:   DCM AMB

DISSEMINATION: CONS /4
CHARGE: _PROG ..


FM SECSTATE WASHDC
TO AMEMBASSY MONTEVIDEO 0437
BT
UNCLAS STATE

E.O. 12958: N/A
TAGS: CVIS
SUBJECT: A.O. Response:

REF: A) 02 MONTEVIDEO 001688 B) Houck-Johnson Fax of 11/15/02

1. Department regrets the delay in responding to Ref A, which seeks guidance in determining whether the subject, _____, is ineligible under INA 212(a)(2)(A)(i)(II) ("2A2"), or 212(a)(2)(C)(i) ("2C1"). Reftel reports that subject was arrested on Mercer Island, Washington, in August 1995 for possession of drug paraphernalia. It appears from the docket sheet that he pled guilty and was ordered to pay a fine. However, Washington state law was subsequently amended in 2001 to allow for the vacating of misdemeanor offenses, and subject obtained a court order vacating his conviction under this new state law.

2. Prior to passage of IIRIRA in 1996, a state court expungement of a first-time drug possession offense would render the conviction no longer effective for INA 212(a)(2)(A)(i)(II) purposes, provided the alien would have qualified for an expungement under the federal first offender provision in 18 USC 3607. However, IIRIRA added a definition of "conviction" in INA 101(a)(48), and courts have since examined whether the federal first offender expungement exception survived this amendment to the law. In the case cited by subject's attorney, Lujan-Armendariz v INS, 222 F3d 728 (9th Cir 2000), the U.S. federal appeals court for the 9th Circuit concluded that the new

UNCLASSIFIED
1

UNCLASSIFIED

definition of conviction in 101(a)(48)(A) did not supersede the rule that expunged state drug possession convictions qualifying for federal first offender treatment do not count as convictions for immigration purposes. However, this year, the Board of Immigration Appeals ruled in Matter of Salazar-Regino, 23 I & N Dec 223 (BIA 2002), that a state deferred adjudication for drug possession constituted a conviction under 101(a)(48), despite the fact that the alien would have been eligible for federal first offender treatment had she been prosecuted in federal court. The BIA thus declined to follow the ruling in Lujan-Armendariz, and limited Lujan-Armendariz's application only to the area covered by the 9th Circuit, which encompasses the Western states of Alaska, Arizona, California, Hawaii, Idaho, Montana, Nevada, Oregon, and Washington State.

3. Post has stated that the applicant intends to reside in Washington State, which is within the jurisdiction of the 9th Circuit. Given the above, if the alien in this case satisfies post that he intends to enter the U.S. at a POE in one of the nine Western states listed above, then in VO's view, post should follow the decision of the 9th Circuit in Lujan-Armendariz and should find that subject is not ineligible under INA 212(a)(2)(A)(i)(II) because his expungement was of a first time, minor controlled substance offense relating only to possession, and he apparently has not had any previous drug convictions or

expungements and therefore would have qualified for an expungement under the federal first offender provision in 18 USC 3607. However, if subject intends to enter the U.S. at a POE in any state other than the nine Western states listed above, then in VO's view post should follow the BIA ruling in Matter of Salazar-Regino and should find subject ineligible for a visa under INA 212(a)(2)(A)(i)(II) because the disposition of his criminal case would meet the definition of conviction in 101(a)(48).

4. As to finding the subject ineligible under INA 212(a)(2)(C)(i), reftel does not contain facts to indicate that the subject might be involved in narcotics trafficking. Ref A only provided information on the subject's arrest for possession of drug paraphernalia (a marijuana pipe). This information would not be sufficient basis to establish a reason to believe that subject was engaged in drug trafficking, and therefore would not support a 2C1 finding. Unless post has additional information which indicates that subject was trafficking in drugs, rather than merely being engaged in personal use, a 212(a)(2)(C)(i) finding would not be sustainable.
POWELL
BT

UNCLASSIFIED
2