IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CESAR LUCIO, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. B-02-225 |
| CHARLES ARENDALE, ACTING | ) |
| DIRECTOR, HLG/DO, and | ) |
| JOHN ASHCROFT, UNITED STATES | ) |
| ATTORNEY GENERAL | ) |
| | ) |

RESPONDENTS' OBJECTIONS TO THE DISTRICT COURT
CONDUCTING A DE NOVO REVIEW OF THIS CASE BY HOLDING AN
EVIDENTIARY HEARING TO RECEIVE FURTHER
DOCUMENTARY AND TESTIMONIAL EVIDENCE

COME NOW the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and after an evidentiary hearing on January 23, 2003, file these objections to the District Court considering any of the documentary or testimonial evidence presented at the hearing.

The Respondents hereby renew their objections to the District Court's jurisdiction in this matter.

1

1. This habeas petition raises purely legal challenges (statutory-construction, retroactivity, constitutional) to the Board's finding that the Petitioner is removable for conviction of a controlled substances offense or aggravated felony, which are reviewable in the court of appeals by means of a petition for direct review. See Aragon-Ayon v. INS, 206 F.3d 847 (9th Cir. 2000) (court of appeals has jurisdiction to decide whether criminal alien is removable for conviction of an "aggravated felony" or drug offense). Habeas corpus is an extraordinary remedy of last resort that is not available where, as here, the Petitioner has failed to exhaust his judicial remedies and is misusing habeas corpus to obtain review of issues that are reviewable in the court of appeals. See Castro-Cortez v. INS, 239 F.3d 1037, 1043-44 (9th Cir. 2001) (no habeas jurisdiction to review removal orders under §2241 where direct review was available in court of appeals). Cf. Requena-Rodriguez v. INS, 190 F.3d 299, 302 (5th Cir. 1999) (under predecessor review scheme for deportation orders, no habeas jurisdiction to review issues that could have been reviewed in court of appeals by means of direct review); Santos v. Reno, 228 F.3d 591, 596-97 (5th Cir. 2000)(same).

2. This Court also has no habeas jurisdiction to review the Board or Immigration Judge's fact-findings underlying the removal order. The scope of review in habeas corpus is limited to pure questions of law. 8 U.S.C. §2241(c) (authorizing habeas corpus only where a person is being held in custody in *"violation of the Constitution or laws of the United States"*) (emphasis added); INS v. St. Cyr, 533 U.S. 289, 306 (2001)(habeas corpus traditionally has not been available to review factual determinations made by the Executive Branch in deportation cases); Carranza v. INS, 277 F.3d 65, 73 n. 6 (1st Cir. 2002) (only "[p]urely legal questions" in deportation orders are subject to habeas review and courts may not "second-guess[] the [Board's] factual findings"); Bowrin v. INS, 194 F.3d 483, 490 (4th Cir. 1999) ("only questions of pure law [in deportation orders] will be considered on §2241 habeas review. Review of factual or discretionary issues is prohibited.").

3. Even assuming this Court has habeas jurisdiction notwithstanding that the Petitioner failed to exhaust his available judicial remedies and that there is no habeas jurisdiction to review fact-findings, the Court has erred in conducting a de novo evidentiary hearing to receive and consider new evidence. As the Supreme Court has recently made clear,

review of the legality of a removal order is limited to the administrative record that was before the Board and served as the basis of the removal order. INS v. Ventura, 123 S.Ct. 353, 355-56 (2002). Therefore, to the extent this Court has habeas jurisdiction over the Petitioner's removal order, going outside the administrative record and conducting a de novo evidentiary hearing to render its own factual findings is reversible error. The Court can only review a challenge to the legality of the removal or deportation order on the basis of claims and evidence presented to the agency below and actually addressed and decided by the agency below. See id.

Additionally, in the Immigration and Nationality Act ("Act") Congress has expressly directed that review of removal orders is limited to "the administrative record on which the order of removal is based." Section 242(b)(4)(A) of the Act, 8 U.S.C. §1252(b)(4)(A). If this Court has habeas jurisdiction to review the removal order, then that review is likewise limited to the administrative record.

4. Finally, under Fifth Circuit law exhaustion of administrative remedies is a prerequisite to habeas review of a removal order. "A court may review a final order of removal only if the alien has exhausted all administrative remedies available

to the alien as of right ... ." Section 242(d)(1) of the Act, 8 U.S.C. §1252(d)(1); Goonsuwan v. Ashcroft, 252 F.3d 383 (5th Cir. 2001). Any evidence submitted to the Court in the de novo evidentiary hearings is new evidence that has not been presented to the agency below, and is thereby evidence as to which the Petitioner failed to exhaust her administrative remedies. Accordingly, this Court has no jurisdiction to consider the evidence obtained at the hearing on January 23, 2003, and must confine its review to the administrative record to determine the legality of the Board's removal order.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
February 5, 2003        Federal Bar No. 23937

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Objections to the District Court Conducting a De Novo Review of This Case by Holding an Evidentiary Hearing to Receive Further Documentary and Testimonial Evidence was mailed via first class mail, postage prepaid to:

> Lisa Brodyaga, Esquire
> Refugio Del Rio Grande
> 17891 Landrum Park Rd.
> San Benito, TX  78586

on this 5th day of February, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney