UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 14 2003

Michael N. Milby
Clerk of Court

CESAR LUCIO, )
)
Petitioner )
)
v. ) CIVIL ACTION NO. B-02-225
)
JOHN ASHCROFT, ATTORNEY GENERAL )
OF THE UNITED STATES, ET AL., )
)
Respondents. )
)
)

**RESPONDENTS' OPPOSED MOTION TO TRANSFER
AND HOLD IN ABEYANCE**

COME NOW Respondents in the above-captioned case, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and in accordance with their Objections To The Magistrate Judge's Consolidated Report And Recommendation filed in each case, hereby move this Court to exercise its authority under the federal transfer statute at 28 U.S.C. § 1631 to transfer the lead case Salazar-Regino (No. B-02-45) to the court of appeals for resolution, and to stay the remaining cases pending disposition of Salazar-Regino.

The transfer statute authorizes transfer if: (1) the court of appeals would have been able to exercise jurisdiction over a case; (2) the district court lacks jurisdiction over the case, and (3) transfer is in the interests of justice. See 28 U.S.C. § 1631. In the Ninth Circuit, transfer has already been

1

used in immigration cases like Salazar-Regino, where the court of appeals is the proper forum for review of the legal challenges to a removal order that an alien seeks to raise, but he filed for review in the wrong forum, by filing a habeas petition in district court during the time period permitted for filing for direct review in the court of appeals. See Castro-Cortez, I.N.S., 239 F.3d 1037, 1046 (9th Cir. 2001).

Salazar-Regino meets the requirements for transfer. First, the court of appeals would have been able to exercise jurisdiction on the date his habeas petition was filed. Salazar-Reginio filed his habeas petition on March 8, 2002. This was within 30 days of the BIA's decision in his case (February 14, 2002). The habeas petition was therefore filed within the 30-day limit for filing for direct review in the court of appeals. See 8 U.S.C. § 1252 (b)(1); see Castro-Cortez, supra.

Second, as shown in Respondents' motions to dismiss for lack of habeas jurisdiction, and in the case law cited in Respondents' written Objections to the Magistrate's Report And Recommendation, this Court has no habeas jurisdiction under the case law of the Fifth Circuit to consider Salazar-Regino's statutory and constitutional challenges to the finding that he is removable for conviction of an aggravated felony based on his first-time state drug offense of felony drug possession. This is because review of these issues is available in the court of appeals. See Requena-Rodriguez v. Pasquerell, 190 F.3d 299, 305 (5th Cir. 1999) (habeas jurisdiction exists to review "statutory and constitutional challenges if those challenges cannot be considered on direct review."). See also Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000) (directly reviewing whether alien's first-time state drug offense constitutes a conviction for immigration purposes); Lopez-Elias v. Reno, 209 F.3d 788 (5th Cir. 2000), cert. denied 531 U.S. 1069 (2001) (directly reviewing whether crime constitutes aggravated felony for purposes of deportation).

2

Third, transfer would be in the interests of justice. As shown by Respondents' Objections To The Magistrate's Report And Recommendation, Salazar-Regino raises (1) common statutory and constitutional issues of first impression as to an alien's removability for conviction of a first-time state drug offense and whether this qualifies as a conviction for immigration purpose, and (2) a due process issue as to the retroactive application of the Fifth Circuit's definition of aggravated felony in United States v. Hernandez-Avalos, 251 F.3d 505, 509-10 (5th Cir. 2001). These are important issues in the enforcement of the immigration laws and are common to the cases now before the Court. Accordingly, transfer of Salazar-Regino to the court of appeals would be in the interest of justice and of the expeditious and orderly adjudication of the merits of the case. See Aquacate Consol. Mines, Inc. v. Deeprock, Inc., 566 F.2d 523 (5th Cir.1978).

Transfer of Salazar-Regino to the court of appeals and staying resolution of the remaining cases, all of which have common jurisdictional issues and statutory and constitutional challenges to the finding of removability as a convicted aggravated felon or drug offender, would also be in the interests of the sound administration of justice. It would enable this court to avoid the unnecessary expenditure of scare judicial resources that would be caused by having to decide the complex common legal and jurisdictional issues raised in these cases at this point in time, and would enable the court to reserve resolution of these issues until the court of appeals has resolved them by means of a decision in Salazar-Regino.

## **CONCLUSION**

For these reasons, the Court should find that Salazar-Regino is appropriate for transfer to the court of appeals, enter an order transferring that case to the court of appeals, and stay the remaining cases pending resolution of Salazar-Regino.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

*/s/ Lisa M. Putnam*

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

MARGARET PERRY
Senior Litigation Counsel
Office Of Immigration Litigation
Civil Division, U.S. Dept. Of Justice
P.O. Box 878 Ben Franklin Station
Washington DC 20044

Date: April 14, 2003

CERTIFICATE OF CONSULTATION

I hereby certify that I have consulted with counsel for the Petitioner, Lisa Brodyaga, who has expressed her opposition to this motion to transfer and hold in abeyance.

                                  LISA M. PUTNAM
                                  Special Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Opposed Motion to Transfer and Hold in Abeyance was mailed via first class mail, postage prepaid to:

        Lisa Brodyaga, Esquire
        Refugio Del Rio Grande
        17891 Landrum Park Rd.
        San Benito, TX 78586

on this 14th day of April, 2003.

                                  LISA M. PUTNAM
                                  Special Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CESAR LUCIO, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. B-02-225 |
| | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES, | ) | |
| ET AL., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

## ORDER

Upon consideration of the arguments of Petitioner and Respondents, the Court finds that Respondents' motion to hold this case in abeyance pending the outcome of Salazar-Regino v. Trominski, et al. (B-02-045), which has been transfered to the Fifth Circuit Court of Appeals, should be granted.

It is therefore

ORDERED, ADJUDGED AND DECREED that this case is held in abeyance pending a decision by the Fifth Circuit Court of Appeals in Salazar-Regino v. Trominski, et al. (B-02-045).

Done this _____ day of _____, 2003, in Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE