United States District Court
Southern District of Texas
FILED

MAY 2 8 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CESAR LUCIO,                              )
                                          )
v.                                        )        C.A. B-02-225
                                          )
CHARLES ARENDALE, et al.                  )
_____   )

**EXHIBIT "C" IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS**

For purposes of ensuring the accuracy of the record, Petitioner
hereby submits Exhibit "C," the BIA's decision, dated May 20, 2003,
denying his motion to reopen and reconsider.  The Board therein
specifies that its denial is based on his alleged lack of statutory
eligibility, under *U.S. v. Hernandez-Avalos,* 251 F.3d 505 (5th Cir.
2001), and not on whether or not he merits the relief requested.

Respectfully Submitted,



Lisa S. Brodyaga, Attorney
17891 Landrum Park Rd.
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, and Exhibit, was
mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O.
Box 1711, Harlingen TX 78551, this 25th day of may, 2003.



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Brodyaga, Lisa S., Esquire
17891 Landrum Park Road,
San Benito, TX 78586-0000

Office of the District Counsel/PI
P.O. Box 1711
Harlingen, TX 78551

Name: LUCIO, CESAR                                    A90-453-823

Date of this notice: 05/20/2003
-----------------------------

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    PAULEY, ROGER

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

---

File:   A90-453-823 - LOS FRESNOS

In re:  LUCIO, CESAR

IN REMOVAL PROCEEDINGS

MOTION

Date:

MAY 20 2003

ON BEHALF OF RESPONDENT:  Brodyaga, Lisa S., Esquire

ON BEHALF OF SERVICE:  Cheri L. Jones, Assistant District Counsel

ORDER:

   PER CURIAM.  The respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reopen and reconsider our decision dated October 24, 2002.  In our prior decision, we affirmed, without opinion, the decision of the Immigration Judge denying the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act as a matter of discretion.  To the extent that the respondent requests that we reconsider our prior decision, the respondent's motion fails to establish any error of fact or law in our decision.  See 8 C.F.R. § 1003.2(b)(1).  Instead, the motion, in substantial part, reiterates the arguments raised by the respondent on appeal.  As we considered these arguments in rendering our prior decision, we decline to revisit them.  Moreover, as pointed out in the respondent's motion, following the Immigration Judge's decision in this matter, the United States Court of Appeals for the Fifth Circuit, in United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001), held that a state felony conviction for an offense punishable under the Controlled Substances Act falls within the definition of "drug trafficking crime" and thus constitutes an aggravated felony within the meaning of section 101(a)(43)(B) of the Act.  See also Matter of Yanez-Garcia, 23 I&N Dec. 390 (BIA 2002); Matter of Santos-Lopez, 23 I&N Dec. 419 (BIA 2002).  As a result of the Fifth Circuit's decision, the respondent's conviction for felony possession of marijuana in violation of the Texas Controlled Substances Act constitutes an aggravated felony, thus rendering the respondent statutorily ineligible for cancellation of removal.  See section 240A(a)(3) of the Act.  Although the respondent argues that the Fifth Circuit's decision should not be applied in his case as a result of recent amendments to the Federal Sentencing Guidelines, the Fifth Circuit's decision in Hernandez-Avalos, supra, has not been overturned and remains binding on this Board. As the respondent is statutorily ineligible for cancellation of removal, we find no basis to reopen and remand proceedings in order to allow for consideration of the new equities alleged by the respondent in his motion.  Accordingly, the motion is denied.

FOR THE BOARD