United States District Court
Southern District of Texas
FILED

JUL 17 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CESAR LUCIO,              )
                          )
v.                        )    C.A.  B-02-225
                          )
CHARLES ARENDALE, ET AL   )
_____)

**PETITIONER'S ADVISAL OF PENDING CASE IN SEVENTH CIRCUIT PRESENTING SOME OR ALL OF THE ISSUES RAISED HEREIN**

Petitioner, through counsel, hereby advises this Honorable Court of a case pending before the Seventh Circuit, in which some or all of the issues presented herein are raised, to wit, *Yanez-Garcia v. Ashcroft*, No. 02-2538. *See,* attached article, dated July 14, 2003, from the Chicago Daily Law Bulletin. *See also, Matter of Yanez-Garcia,* 23 I&N Dec. 390 (BIA 2002) (offense of simple possession of a controlled substance will be considered an aggravated felony if it was treated as a felony under state law; overruling *Matter of K-V-D-,* 23 I&N Dec. 223 (BIA 2003)).

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226                Fed. ID.  1178
(956) 421-3423 (fax)          Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I certify that copies of the foregoing and attachment were mailed, first-class postage prepaid, to the Office of Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, TX 78551, this 16th day of July, 2003.

| | |
|---|---|
| Subj: | **Legal residents face new quick-deport risk** |
| Date: | 7/15/03 10:48:31 AM Central Daylight Time |
| From: | dan@cenizo.com |
| To: | dan@cenizo.com |

Sent from the Internet (Details)

**Legal residents face new quick-deport risk**

Copyright 2003 Law Bulletin Publishing Company
Chicago Daily Law Bulletin
*July 14, 2003, Monday*

Immigrant rights attorneys are gearing up for a new battle in the 7th U.S. Circuit Court of Appeals in a case that they say could leave thousands of legal residents exposed to quick deportation for possession of small amounts of drugs.

Attorneys for both sides have already filed briefs and are awaiting assignment on the circuit's calendar for oral arguments in Yanez-Garcia v. Ashcroft, No. 02-2538.

Ismael Yanez-Garcia, a Mexican national who has been a legal resident of the U.S. since 1989, has sued the Board of Immigration Appeals for declaring his possession convictions "trafficking crimes," which would make them aggravated felonies under the 1996 Illegal Immigration Reform and Immigrant Responsibility Act.

The 1996 act states that immigrants who are convicted of any of 40 categories of aggravated felonies can be deported without relief -- unless they can prove, beyond a preponderance of the evidence, that they face torture in their homelands.

The Yanez-Garcia case is one that immigrant-rights attorneys around the country say they are watching.

The case has potentially far-reaching implications, said Manuel D. Vargas, the director of the Immigrant Defense Project for the New York State Defender's Association.

Yanez-Garcia has two 1998 convictions for cocaine possession. His attorney, Lisa J. Palumbo of the Legal Assistance Foundation of Metropolitan Chicago, argues that the Board of Immigration Appeals has no grounds for changing their guidelines and treating simple possession as an aggravated felony.

As it stands, close to half of all criminal deportations in the U.S. stem from drug offenses, Vargas said.

According to figures posted on the Bureau of Immigration and Customs Enforcement's Web site, the government deported 148,619 immigrants for criminal and non-criminal reasons in fiscal 2002.

While that is down 16 percent from 2001, the share of criminal removals has risen from the year before. Of those deported in fiscal 2002, nearly 48 percent were deported for criminal reasons. In fiscal 2001, about 41 percent of deportations stemmed from criminal charges, the bureau's Web site reports.

Palumbo argues that if the 7th Circuit accepts the immigration board's decision, it will not only put small-time drug users at risk for deportation, but also will create a scattershot system of justice.

In his two drug arrests, Yanez-Garcia had in his possession 0.1 grams and 0.2 grams of cocaine, respectively. Under Illinois and Indiana law, each of those instances of possession constitutes a felony. But under Wisconsin law, they are misdemeanors. Up to 14 other states treat simple possession as a misdemeanor. That leaves an uneven system of justice, Palumbo said.

"The idea is that the federal act should be uniform," she said.

For its part, the Department of Justice -- through its attorneys, including Assistant Attorney General Robert D. McCallum Jr., Deputy Assistant Attorney General Jeffrey S. Bucholtz and the department's Office of Immigration Litigation attorneys Emily Anne Radford and Papu Sandhu -- states in its brief that law and precedents are on its side.

Simple possession is a felony under Illinois law and drug felonies are considered aggravated felonies under federal law, the department's brief states.

Furthermore, the Department of Justice argues, if Yanez-Garcia's first conviction was not an aggravated felony, his second one certainly was. The department cites several cases from six different circuits that they say buttress their arguments.

"Even if the court concludes that Mr. Yanez' drug offenses, considered individually, do not constitute aggravated felonies, it should find that his second conviction constitutes such a felony ... and should dismiss the petition for lack of jurisdiction," the department's brief states.

A Justice Department official refused to comment on the Yanez-Garcia case, saying the department stands by its brief.

Defenders of the government say that the U.S. is merely upholding the letter, and therefore the very rule, of law.

"I think that what is comes down to is this: If we are in fact a nation that supports the rule of law, and if we say, 'this guy OK,' what does that say about our ability to enforce the law?" asked Brian Perryman, a former district director of the Bureau of Immigration and Customs Enforcement who retired earlier this year.

Perryman, who was in charge when Yanez-Garcia first faced deportation but could not comment on the specifics of the case, says that while he has ambivalence about some aspects of the 1996 law, the fact remains it the law.

"The way that we change the law is through the Congress," he said.

Like everyone else, the government was shocked by the terrorist attacks and now finds itself working its way up a steep learning curve, Perryman said.

"There had been substantially no immigration law enforcement away from the borders before Sept. 11. We've tried to be very specific about who we're looking for. We want to know who's here and whether they're within their lawful status to be here," he said.

Prior to the 1996 law, an immigrant facing deportation could appeal to an immigration judge and ask the court to consider his or her "equities," such as dependents or length of stay in the U.S. Now, aggravated felons have no such relief.

Few activists or attorneys are holding out much hope that the 7th Circuit will go their way, especially in light of a decision from that court last week. In Gill v. Ashcroft, No. 02-2994, the judges ruled that not even expunction of a drug conviction under first-time offender laws protects an immigrant from deportation.

"It was a discouraging decision and it obviously puts long-term permanent residents in a precarious position," Palumbo said, adding that her argument about uniformity "obviously didn't cut it in Gill."